JUDGE ROMAN

RECEIVED
SDNY DOCKET UNIT
2019 SEP 26 AM 10:30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**19 CV 8934**

ENDICO POTATOES, INC.,

                    Plaintiff,

    -against-

BENJAMIN FOODS LLC, DAVID SALIB, GINA
KLAYMAN and HOWARD KLAYMAN,

                    Defendants.

Case No.:

**COMPLAINT (to Enforce Payment From PACA Trust)**

ENDICO POTATOES, INC. (hereinafter referred to as "Endico" or "plaintiff"), for its complaint against defendants, alleges:

**JURISDICTION AND VENUE**

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA" or the "Act"), 28 U.S.C. §1331.

2. Jurisdiction is also based upon diversity in that the plaintiff, Endico, and defendants, Benjamin Foods LLC ("Benjamin Foods"), David Salib ("David"), Gina Klayman ("Gina") and Howard Klayman ("Howard"), are citizens of different states and the amount claimed is over $75,000.00 pursuant to 28 U.S.C. §1332.

3. Venue in this District is based on 28 U.S.C. §1391 in that the plaintiff's, Endico, principal place of business is located within this District and the substantial events giving rise to the plaintiff's, Endico, claims arose in this District.

4. The agreement and sales which form the basis of this dispute was entered into within

1

this District and the perishable agricultural commodities sold and delivered to the defendant, Benjamin Foods, occurred within this District.

## PARTIES

5. Defendant, Benjamin Foods, is a Pennsylvania limited liability company with a principal place of business at 1001 South York Road, Hatboro, PA 19040 as a trade name with the Secretary of State of Pennsylvania.

6. Defendant, Benjamin Foods, its agents, servants and employees, engaged in the buying and selling of wholesale quantities of produce in interstate commerce, including New York.

7. Defendant, Benjamin Foods, is subject to the provisions of PACA and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

8. Upon information and belief, the defendant, David, at all time herein mentioned was and is a resident of Pennsylvania and the principal officer, director and shareholder of defendant, Benjamin Foods, and a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made from the sales of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff, Endico, herein.

9. Upon information and belief, the defendant, David, is and was an officer, director and/or shareholder of defendant, Benjamin Foods, during and prior to the period of time in question, who upon information and belief, controlled the operations of defendant, Benjamin Foods, and was in a position of control over the PACA trust assets.

2

10. Upon information and belief, the defendant, Gina, at all time herein mentioned was and is a resident of Pennsylvania and the principal officer, director and shareholder of defendant, Benjamin Foods, and a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made from the sales of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff, Endico, herein.

11. Upon information and belief, the defendant, Gina, is and was an officer, director and/or shareholder of defendant, Benjamin Foods, during and prior to the period of time in question, who upon information and belief, controlled the operations of defendant, Benjamin Foods, and was in a position of control over the PACA trust assets.

12. Upon information and belief, the defendant, Howard, at all time herein mentioned was and is a resident of Pennsylvania and the principal officer, director and shareholder of defendant, Benjamin Foods, and a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made from the sales of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff, Endico, herein.

13. Upon information and belief, the defendant, Howard, is and was an officer, director and/or shareholder of defendant, Benjamin Foods, during and prior to the period of time in question,

who upon information and belief, controlled the operations of defendant, Benjamin Foods, and was in a position of control over the PACA trust assets.

## GENERAL ALLEGATIONS

14. This action is brought to enforce the trust provisions PACA, 7 U.S.C. §499e(c).

15. Between on or about July 23, 2019 and September 16, 2019 plaintiff, Endico, sold and delivered to the defendant, Benjamin Foods, wholesale quantities of produce in the aggregate principal amount of $236,850.46. Copies of the invoices for the sales of such produce are annexed hereto, as Exhibit "A".

16. Pursuant to the contract between the parties, the produce was sold and delivered.

17. In accordance with the contract, plaintiff, Endico, delivered the produce to the defendant, Benjamin Foods.

18. Defendant, Benjamin Foods, has failed to pay for the produce when payment was due, despite repeated demands, and presently owes the plaintiff, Endico, the principal amount of $236,580.46 for produce delivered to defendant, Benjamin Foods.

19. At the time of receipt of the produce, the plaintiff, Endico, became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds comingled with funds from other sources and all assets procured by such funds, in the possession or control of the defendants since the creation of the trust.

20. Plaintiff, Endico, preserved its interest in the PACA trust by including the statutory

language to do so on its invoices delivered to the defendant and remains a beneficiary until full payment is made.

21. The defendant's, Benjamin Foods, failure, refusal and/or inability to pay the plaintiff, Endico, indicates that the defendants are failing to maintain PACA assets in the statutory trust freely available to pay the plaintiff and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS, BENJAMIN FOODS, DAVID, GINA and HOWARD
## (INJUNCTIVE RELIEF)

22. Plaintiff, Endico, incorporates each and every allegation set forth in paragraphs "1" to "21" above as if fully set forth herein.

23. The defendants, Benjamin Foods, David, Gina and Howard, failure to make payment to plaintiff, Endico, of trust funds in the amount of $236,580.46 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

24. Pursuant to PACA and the prevailing cases, plaintiff, Endico, is entitled to injunctive relief against the defendants, Benjamin Foods, David, Gina and Howard, enjoining and restraining them and their agents from dissipating trust assets belonging to the plaintiff, Endico, and requiring them to turn over to the plaintiff, Endico, any and all PACA trust assets in their possession or in the possession of third-parties.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT, BENJAMIN FOODS
## (FAILURE TO PAY)

25. Plaintiff, Endico, incorporates each and every allegation set forth in paragraphs "1" to "24" above as if fully set forth herein.

26. Defendant, Benjamin Foods, received each of the produce shipments upon which this action is based.

27. The defendant, Benjamin Foods, is required to promptly tender to the plaintiff, Endico, full payment for those shipments pursuant to the PACA.

28. The defendant, Benjamin Foods, has failed and refused to pay for the produce supplied by plaintiff, Endico, within the payment terms agreed to between the parties.

29. As a direct and proximate result of the defendant, Benjamin Foods, failure to pay promptly, the plaintiff, Endico, has incurred damages in the amount of $236,580.46, plus interest, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, DAVID (UNLAWFUL DISSIPATION OF TRUST ASSETS BY A CORPORATE OFFICIAL)

30. Plaintiff, Endico, incorporates each and every allegation set forth in paragraphs "1" to "29" above as if fully set forth herein.

31. Defendant, David, is an officer, director and/or shareholder who operated defendant, Benjamin Foods, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff, Endico.

32. Defendant, David, failed to direct defendant, Benjamin Foods, to fulfill his statutory duty to preserve PACA trust assets and pay the plaintiff, Endico, for the produce it supplied.

33. Defendant, David's, failure to direct defendant, Benjamin Foods, to maintain PACA trust assets and to pay the plaintiff, Endico, for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

34. As a result of said unlawful dissipation of trust assets the plaintiff, Endico has been derived its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

35. As a direct and proximate result, the plaintiff, Endico, has incurred damages in the amount of $236,580.46, plus interest, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, GINA (UNLAWFUL DISSIPATION OF TRUST ASSETS BY A CORPORATE OFFICIAL)

36. Plaintiff, Endico, incorporates each and every allegation set forth in paragraphs "1" to "35" above as if fully set forth herein.

37. Defendant, Gina, is an officer, director and/or shareholder who operated defendant, Benjamin Foods, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff, Endico.

38. Defendant, Gina, failed to direct defendant, Benjamin Foods, to fulfill his statutory duty to preserve PACA trust assets and pay the plaintiff, Endico, for the produce it supplied.

39. Defendant, Gina's, failure to direct defendant, Benjamin Foods, to maintain PACA trust assets and to pay the plaintiff, Endico, for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

40. As a result of said unlawful dissipation of trust assets the plaintiff, Endico has been derived its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

41. As a direct and proximate result, the plaintiff, Endico, has incurred damages in the amount of $236,580.46, plus interest, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, HOWARD (UNLAWFUL DISSIPATION OF TRUST ASSETS BY A CORPORATE OFFICIAL)

42. Plaintiff, Endico, incorporates each and every allegation set forth in paragraphs "1" to "41" above as if fully set forth herein.

43. Defendant, Howard, is an officer, director and/or shareholder who operated defendant, Benjamin Foods, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff, Endico.

44. Defendant, Howard, failed to direct defendant, Benjamin Foods, to fulfill his statutory duty to preserve PACA trust assets and pay the plaintiff, Endico, for the produce it supplied.

45. Defendant, Howard's, failure to direct defendant, Benjamin Foods, to maintain PACA trust assets and to pay the plaintiff, Endico, for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

46. As a result of said unlawful dissipation of trust assets the plaintiff, Endico has been derived its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

47. As a direct and proximate result, the plaintiff, Endico, has incurred damages in the amount of $236,580.46, plus interest, costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT, BENJAMIN FOODS
## (GOODS SOLD AND DELIVERED)

48. Plaintiff, Endico, incorporate each and every allegation set forth in paragraphs "1" through "47" above as if fully set forth herein.

49. The defendant, Benjamin Foods, failed and refused to pay the plaintiff, Endico, the amount of $236,580.46 owed for goods sold to and delivered to the defendant, Benjamin Foods.

50. As a direct and proximate result of the defendant's failure to pay promptly the plaintiff, Endico, has incurred damages in the amount of $236,580.46, plus interest, costs and attorneys' fees for the collection of such sums.

**WHEREFORE**, plaintiff, Endico, demand judgment against the defendants, Benjamin Foods, David, Gina and Howard, as follows:

A. On the first cause of action against defendants, Benjamin Foods, David, Gina and Howard, an order enjoining and restraining the defendants from dissipating trust assets and to turnover any and all PACA trust assets in their possession;

B. On the second cause of action against defendant, Benjamin Foods, in the sum of $236,580.46, plus interest, costs and attorneys' fees;

C. On the third cause of action against defendant, David, in the sum of $236,580.46, plus interest, costs and attorneys' fees;

D. On the fourth cause of action against defendant, Gina, in the sum of $236,580.46, plus interest, costs and attorneys' fees;

E. On the fifth cause of action against defendant, Howard, in the sum of $236,580.46, plus interest, costs and attorneys' fees;

F.  On the sixth cause of action against defendant, Benjamin Foods, in the sum of $236,580.46, plus interest, costs and attorneys' fees; and

G.  Such other and further relief as the court deems just and proper.

Dated this 25th day of September, 2019

>Respectfully submitted,
>
>KREINCES & ROSENBERG, P.C.
>
>By: _____
>HOWARD ROSENBERG
>Attorneys for Plaintiff
>900 Merchants Concourse, Suite 305
>Westbury, New York 11590
>(516) 227-6500

Z:\kreinces1\WORK\General\EndicoPotatoes\v. Benjamin Foods 19-16\SDNY.Complaint.PACA